**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

MAR 18 2008

**FILED**

```
**************************************
Wayne Carter, Toni Cellucci, and          *
Stacey Durgin, individually and           *
on behalf of all similarly situated       *
persons,                                  *
          Plaintiffs                      *          Dkt. # 1:07-cv-00023-SM
                                          *
vs.                                       *
                                          *
New Hampshire Department of Health and    *
Human Services, Commissioner,             *
          Defendant.                      *
**************************************
```

## FINAL ORDER

### 1.  Introduction

The Defendant has admitted that it has failed to comply with federal Medicaid law due to

its failure to make determinations on applications for Medicaid Aid to the Permanently and

Totally Disabled benefits within ninety (90) days from the date of the application. The Defendant

agrees that applicants have a right to request a fair hearing when such determinations are not

timely made and that it should notify them of that right.  The Defendant moved for entry of

judgment in favor of the individual named Plaintiffs.  The parties have stipulated that the

Plaintiff class will be certified pursuant to Rule 23(b)(2), Fed. R. Civ. P. and that the Plaintiff

class is entitled to injunctive relief.

### 2.  Definitions

The terms contained in this Final Order are defined as follows:

A.      "AAU" means the New Hampshire Department of Health and Human Services

Administrative Appeals Unit.

1

B.     "Applicant" means any individual who has submitted an application for APTD to the Department.

C.     "Application" means a request for assistance or services on the forms prescribed by the Department of Health and Human Services pursuant to RSA 167:8.

D.     "Application Date" is the date the Completed Application on the forms prescribed by the Department of Health and Human Services is received at the District Office. See He-W 601.17; He-W 603.02; RSA 167:8.

E.     "APTD" means the Medicaid "Aid to the Permanently and Totally Disabled" program.

F.     "Class Members" means all individuals who have applied, or will apply to New Hampshire Department of Health and Human Services ("DHHS") for Medicaid Aid to the Permanently and Totally Disabled ("APTD") benefits on the basis of their disability, and have not received an eligibility determination.

G.     "Completed Application", for the purpose of this Final Order only, means the signed and dated forms prescribed by the Department of Health and Human Services (DHHS or "Department") that contain sufficient information, as requested, to allow the District Office to determine financial eligibility and to identify all health care providers with information relevant to the disability claim, from whom DHHS is authorized to obtain the applicant's medical records.

H.     The "Defendant" means the New Hampshire Department of Health and Human Services, its officers, agents, servants, employees, representatives, successors and assigns, and all persons acting in concert therewith. Throughout this Order, the obligations of the Defendant are also obligations of the Department and vice versa.

2

I.       "Initial Eligibility Determination" means the first medical eligibility

determination made by the Department's Disability Determination Unit or its successor.

J.       "Named Plaintiffs" means Wayne Carter, Toni Celluci, and Stacey Durgin.

K.      "Parties" means the Defendant, Named Plaintiffs, and Class Members.

L.      "Plaintiffs' Counsel" means all attorneys, law clerks, and paralegals working on

behalf of the Named Plaintiffs and the Class, regardless of where those attorneys, law clerks, and

paralegals are employed.

M.     "Report" means the reports prepared by the Department pursuant to Section 5

below.

N.      "Unusual Circumstances" is defined in 42 C.F.R. §435.911(c) as follows:

The agency must determine eligibility within the standards except in unusual
circumstances, for example--
 (1) When the agency cannot reach a decision because the applicant or
an examining physician delays or fails to take a required action, or
(2) When there is an administrative or other emergency beyond the
agency's control.

## 3.     Class Certification

The parties have stipulated and the Court approves the following with regard to class

certification:

A.      The class shall be defined as all individuals who have applied, or will apply to

New Hampshire Department of Health and Human Services ("DHHS") for Medicaid Aid to the

Permanently and Totally Disabled ("APTD") benefits on the basis of their disability, and have

not received an eligibility determination.

B.      The class is so numerous that joinder of all Class Members is impracticable.  Rule

23(a)(1), Fed. R. Civ. P.

3

C.      There are questions of law or fact common to the class, such as whether the Defendant has determined the Class Members' eligibility for APTD within ninety days of the Application Date. Rule 23(a)(2), Fed. R. Civ. P.

D.      The claims of Plaintiffs Carter, Celluci, and Durgin are typical of the claims of the class, since each individual Plaintiff alleges that s/he waited more than ninety days to receive an eligibility determination on his/her APTD application. Rule 23(a)(3), Fed. R. Civ. P.

E.      Plaintiffs Carter, Celluci, and Durgin, through their counsel New Hampshire Legal Assistance and the Disabilities Rights Center, Inc. will fairly and adequately protect the interests of the class. Rule 23(a)(4), Fed. R. Civ. P.

F.      The Defendant has failed to make APTD eligibility determinations within ninety days from the Application Date, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole. Rule 23(b)(2), Fed. R. Civ. P.

G.      The class claims are the following:

1.      The Defendant's failure to determine the eligibility of Class Members for Medicaid under the APTD program within ninety days of the application date, except in Unusual Circumstances, does not comply with the requirements for a prompt determination as secured by 42 U.S.C. § 1396a(a)(8) and its implementing regulations, 42 C.F.R. §§435.905, 435.911 and 435.930.

2.      The Defendant should send written notices informing Class Members when the Department takes more than ninety days to make an APTD eligibility determination; those notices should also inform Class Members of their right to request a hearing to contest the delay.

4

H.     New Hampshire Legal Assistance and the Disabilities Rights Center, Inc. of New Hampshire are appointed Class Counsel pursuant to Rule 23(g), Fed. R. Civ. P., with New Hampshire Legal Assistance serving as lead counsel.

**4.     Entry of Judgment**

A.     Judgment is entered in favor of the Named Plaintiffs and the Class Members and the Department shall comply with the provisions of federal law including but not limited to: 42 U.S.C. §§1396a(a)(8) and its implementing regulations, 42 C.F.R. §§435.903, 435.911 and 435.930; and 42 U.S.C. §1396a(a)(3) and its implementing regulation, 42 C.F.R. §431.220(a).

B.     With respect to all applications for Medicaid under the APTD program, the Department is hereby enjoined to take the following actions no later than one hundred eighty (180) days from the date of this Final Order:

> 1. Make and mail APTD Initial Eligibility Determinations to Class Members within ninety days of the Application Date, except in "Unusual Circumstances"; and
>
> 2. Ensure that no later than eighty (80) days after the Application Date, a Class Member is provided with written notice of the status of his or her application, and also notified of the right to request a fair hearing before the Department's AAU if a determination is not made within 90 days of the Application Date. The parties have agreed to the proposed notice attached as Exhibit A for use for this purpose. and
>
> 3. In the event that "Unusual Circumstances" prevent the Department from mailing an APTD Initial Eligibility Decision within ninety days of the Application Date, the Department must:

5

a. Document the "Unusual Circumstances" in the Class Member's case
record;

and

b. Make and mail the APTD Initial Eligibility Determination within
ninety (90) days of the Application Date plus any time attributable to the
"Unusual Circumstances."

## 5.    Data Gathering and Reporting

A.      Following entry of judgment, the Department shall provide Reports ~~to the Court~~ *and*
~~and~~ to Plaintiffs' Counsel every 90 days while achieving compliance with federal law until such
compliance has been achieved. Thereafter, the Department will continue to provide Reports to
Plaintiffs' Counsel every 90 days until twelve months of continuous compliance is demonstrated;
and allow Plaintiffs' Counsel, upon request, to review a systemic sampling of files. The Reports
are intended to show the extent to which the Department is making APTD Initial Eligibility
Determinations within ninety (90) days of the Application Date and the Department's use of
"Unusual Circumstances" when such determinations are not made within ninety (90) days.

B.      Each Report shall show with respect to the preceding reporting period:

1.      The aging of cases in the Department's format as found in Exhibit A of
Defendant's Memorandum In Support of Proposed Final Order, Doc. 22-3.

2.      The number of cases pending due to what the Department asserts are
Unusual Circumstances, in the same format as found in Doc. 22-3.

3.      A list of all pending cases, identified by case number, which includes an
identifier for those cases in which there are Unusual Circumstances
according to DHHS.

6

Each Report will show the number and percentage of the cases that have aged beyond 90 days for which the Department claims Unusual Circumstances, and the percentage of the cases that have aged beyond 90 days that do not have Unusual Circumstances.

C. Plaintiffs' Counsel may on a quarterly basis request to review Department records pertaining to any Class Members who have not affirmatively notified the Department and Plaintiffs' Counsel in writing of an objection to such review, including but not limited to a systemic sample of a size sufficient to extrapolate to the overall Class Member population.

**6. Expiration of Order**

A. Subject to Paragraph B herein, this Order shall expire, any injunction entered hereunder shall be vacated, and the Docket shall be closed, upon the Department's submission of a Final Report demonstrating compliance with applicable federal law during the prior 12 months.

B. Plaintiffs shall have forty-five (45) days from the date of the Department's submission of its Final Report to file a motion to contest the Department's compliance. The Department shall have 30 days from the date such motion is filed to file an objection.

So ordered.

Steven J. McAuliffe
Chief Judge
Date: _March 8, 2008_

7

Agreed to:

For the Plaintiffs:

NEW HAMPSHIRE LEGAL ASSISTANCE

Dated: _November 5_ , 2007

Bennett B. Mortell, Esquire
NH Bar No. 12131
24 Opera House Square, Suite 206
Claremont, NH 03743
(603) 542-8795
bmortell@nhla.org

_for Christine Lavallee_

Dated: _November 5_ , 2007

Christine D. Lavallee, Esquire
NH Bar No. 13057
1361 Elm Street, Suite 307
Manchester, NH 03101-1323
(603) 663-2900
clavallee@nhla.org

DISABILITIES RIGHTS CENTER,

_for Amy Messer_

Dated: _November 5_ , 2007

Amy B. Messer, Esquire
NH Bar No. 8815
AmyM@drcnh.org

Adrienne C. Mallinson, Esquire
NH Bar No. 17126
AdrienneM@drcnh.org
18 Low Avenue, PO Box 3660
Concord, NH 03302-3660
(603) 228-0432

ATTORNEYS FOR THE PLAINTIFFS

For the Defendant:
New Hampshire Department of Health and Human
Services

Dated: _November 5_, 2007

Nancy J. Smith, N.H. Bar #9085
Senior Assistant Attorney General
nancy.smith@doj.nh.gov

8

Dated: __10/5__ , 2007

Glenn Perlow, N.H. Bar #13085
Assistant Attorney General
glenn.perlow@doj.nh.gov

Civil Bureau
33 Capitol Street
Concord, N.H.  03301-6397
(603) 271-3650

ATTORNEYS FOR THE DEFENDANT

9