UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CARTER, et al, | \* |
| Plaintiffs, | \* |
| v. | \* Docket No. 1:07-cv-00023-SM |
| COMMISSIONER, NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES, | \* |
| Defendant. | \* |

**AFFIDAVIT OF ROBERT R. LUCIC**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS FEES**

NOW COMES the Affiant and on his oath deposes and says as follows:

1. My name is Robert R. Lucic. I am a member of the firm, Sheehan, Phinney, Bass + Green, PA, 1000 Elm Street, Manchester, New Hampshire 03101. I have been a practicing lawyer in New Hampshire since 1992.

2. I am a member of the bar of New Hampshire, the United States District Court for the District of New Hampshire, the First Circuit Court of Appeals, the Federal Circuit Court of Appeals, the bar of the State of New York, and the United States District Courts for the Southern and Eastern Districts of New York.

3. I have never been the subject of professional disciplinary action.

4. My primary area of practice in the New Hampshire and New York courts has been complex commercial litigation. I have tried numerous cases to juries, courts, as well as to arbitration panels. My most recent experience involves trying a large multi-party environmental litigation arising out of a New England Superfund Site. Most of my experience relates to Federal

statutory issues including CERCLA, the Internal Revenue Code, patent and trademark law, securities regulation and antitrust law.

5.  I was asked by Kay Drought, Litigation Director of New Hampshire Legal Assistance ("NHLA"), to serve as an expert witness on the issue of what would be comparable rates under New Hampshire practice for the work performed by the lawyers in the Carter case. In undertaking this request, I reviewed pleadings filed in the Carter case to understand the nature of the dispute as well as to review the work product of the attorneys. I reviewed correspondence from Ms. Drought describing the background of the attorneys involved and their respective roles in the case. I reviewed my law firm's rate structure as well as the rates of other New Hampshire law firms that I am familiar with as a result of applications for attorneys fees awards as well as most recently an application for attorneys fees that were part of the damages claim. I also reviewed the percentage of increase in attorneys' fees over the last four years in order to determine whether the assessments that I made were consistent with the general trend in increases in fees. Based upon this review, I determined that from 2005 to the present, attorneys' fees in complex federal litigation matters have increased between 20 and 33% in New Hampshire. Although I regularly practice in the State and Federal courts in New York and am familiar with the rates charged by attorneys in New York in complex federal litigation, I did not consider that information in assessing the appropriate rates for the individuals involved in the Carter case.

6.  As a result of my review, I determined that the rates most likely would have been charged by New Hampshire firms for lawyers of similar experience and education to the lawyers working in the Carter case would be as indicated below. These rates would be subject to adjustment in consideration of the factors listed in Rule 1.5(a) of the Professional Conduct Rules.

7.  Marc Cohan. Mr. Cohan is an experienced litigator and was involved in strategy decisions. Based upon my review and knowledge of fees charged by similar experienced counsel in New Hampshire law firms, the comparable rate for his services would be $310 per hour.

8. Kay Drought. Ms. Drought is also an experienced litigation attorney and was involved in all significant correspondence, pleadings and assisted in the settlement discussions. I would also set Ms. Drought's rate at $310 per hour.

9. Aaron Ginsberg. Mr. Ginsberg is a junior associate-level attorney. Mr. Ginsberg also brings experience as a result of his work with the University of Chicago's Mandel Legal Aid Clinic. I am personally familiar with the work performed at the Mandel Legal Aid Clinic having worked with the Mandel Legal Aid Clinic in 1987 to 1989 as a student and a fellow. Based on Mr. Ginsburg's experience as compared with other junior associates, I would put Mr. Ginsburg's rate at $160 per hour.

10. Christine Lavallee. Based on Ms. Lavallee's experience and education, she would be considered a mid-level associate doing comparable work at New Hampshire law firms. Based upon my knowledge of attorneys with similar experience, I would set Ms. Lavallee's rate at $185 per hour.

11. Mary R. Mannix. Ms. Mannix is an experienced attorney with specialized knowledge regarding remedial schemes including performance measurement and monitoring. Based upon experience and specialized knowledge, I would set Ms. Mannix's rate at $280 per hour.

12. Amy Messer. Ms. Messer was co-counsel of record and was involved in editing pleadings and significant correspondence and was involved in strategic decisions as well as representing the Plaintiffs at the October 4, 2007 oral argument. Based upon her work I would compare Ms. Messer to junior to mid-level partner. A comparable attorney in private practice performing the services Ms. Messer did would charge $250 per hour.

13. Ben Mortell. Mr. Mortell is lead counsel of record and was involved in coordinating the work in the case, drafted or edited court papers, and was involved in strategy discussions. He represented Plaintiffs at the October 4, 2007 oral argument and during

settlement negotiations.  Based upon Mr. Mortell's experience, I would compare him to a junior partner in private practice and would place his billing rate at $210 per hour.

14.	Laura Redman.  Ms. Redman was involved in drafting the certification motion and the brief filed in February 2007 as well as other research and drafting work.  I would compare Ms. Redman to a mid-level associate in private practice and would put her rate at $185 per hour.

                      Respectfully submitted,

                      ROBERT R. LUCIC

Date:  March 31, 2008         /s/ Robert R. Lucic_____

STATE OF NEW HAMPSHIRE
HILLSBOROUGH, SS.

    Personally appeared the above-named Robert R. Lucic and acknowledges that the above statements made in the foregoing Affidavit are true to the best of his knowledge, information and belief.

    Before me,

Dated:  March 31, 2008        /s/ Sally L. Brabble_____
                                                        Notary Public
                                                        My commission expires:  1/7/09