UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Wayne Carter, Toni Cellucci,
and Stacey Durgin, individually
and on behalf of all similarly
situated persons,
     Plaintiffs

        v.                              Civil No. 07-cv-23-SM
                                        Opinion No. 2009 DNH 116
Nicholas A. Toumpas, Commissioner
of the New Hampshire Department
of Health and Human Services,
in his official capacity,
     Defendant

**O R D E R**

Plaintiffs move for reconsideration of the court's order
allowing limited post-judgment attorneys' fees associated with
self-initiated compliance monitoring activities.

As noted in the order awarding fees (Opinion No. 2009 DNH
040, document no. 57), "[i]t perhaps stretches the point to argue
that post-judgment monitoring is required in this case."
Nevertheless, the court recognized that class counsel should
review the quarterly reports provided for in the decree, and
spot-check compliance progress.  Accordingly, up to four hours
compensated at Attorney Messer's rate ($300.00 per hour) was
awarded to cover reasonable, limited, post-judgment review of
reports and spot-checking the State's compliance.  The court

determined that "[t]hat time should be more than adequate for counsel to determine whether the State is not in compliance." Id.  In addition, the court provided that "[s]hould an enforcement action become <u>reasonably</u> necessary, work <u>reasonably</u> associated with developing that action, if successful, will be considered for a reasonable fee award at that time."  <u>Id</u>. (emphasis in original).

    Class counsel seek reconsideration of that determination, claiming entitlement to monitoring fees in an amount (as yet undeclared) substantially more than that previously allowed by the court.  From the motion, it seems that class counsel envision a blanket order declaring them entitled to future fees associated with self-initiated and self-controlled monitoring activities, with the specific amount to be determined annually, after the work is done, based upon reasonableness review.

    That model, while useful in many circumstances, particularly those involving complex system-creating decrees, is unnecessary and unwarranted in this case, for a number of reasons.  First, while the decree does contemplate the delivery of progress reports to class counsel and a final report following a 12-month period of continuous compliance, as well as an opportunity for class counsel to challenge the accuracy of that triggering claim,

the decree does not contemplate extensive, costly, monitoring
activity, and certainly does not suggest an agreement by the
State to pay for such activity from already limited public funds.
Second, the reports to be provided can be easily reviewed and
understood; basically, they consist of numerical presentations in
chart form disclosing the progress made and goals yet to be
achieved in complying with the time restrictions for decision-
making imposed by federal mandates.  A great deal of time is not
required to read and assess the information provided.  Third,
based on the over-staffing and excessive fee claims already
asserted in this case, the court is wary of putting class counsel
in the position of allocating numerous hours to unnecessary
monitoring activity in the expectation of obtaining a generous
fee award later.  Also, the court is reluctant, in this
straightforward case, to put the State in the position of facing
additional and costly fee litigation associated with extensive
(and largely unnecessary) self-managed monitoring activity by
class counsel.

     Class counsel imply that they must look behind the numbers
presented in the quarterly reports and audit the State's
representations by thoroughly reviewing and comparing perhaps
hundreds of client files with the reported numerical statistics,
to verify compliance.  That extensive activity would, no doubt,

provide highly relevant information related to the State's
compliance.  But the real question is whether that effort is
likely to facilitate speedier or more reliable relief for the
plaintiff class.  If the State is paying class counsel for that
effort, of course class counsel will think it warranted.  And,
class counsel may even think an extensive monitoring effort is
warranted without regard to who pays for it, and may choose to
apply its resources to that end, as is their prerogative.  But,
fee-shifting turns not on counsel's assessment, but the court's
discretion in determining whether and to what extent monitoring
will likely result in speedier or more effective compliance by
the State with the requirements of the decree.  As the court of
appeals has recognized:

> [D]evising workable ways, fair to performer and payor,
> to compensate for legal services during the formative
> period following issuance of a complex system-creating
> decree and before satisfactory implementation becomes
> largely routine, is a difficult and sensitive task.
> The services are of lower profile and often of a more
> routinized nature than services preceding judgments.
> Missing the refining fire of the basic litigation,
> plaintiffs' attorney may slip into a mode of spending
> too much time on too many matters with the result that
> the decree institutionalizes the attorney, as well as
> the system.

Brewster v. Dukakis, 786 F.2d 16, 18 (1st Cir. 1986).

Here, the court is satisfied that more than minimal
monitoring is not necessary to insure speedy and reliable relief
to the class.  See Garrity v. Sununu, 752 F.2d 727, 738 (1st Cir.

4

1984).  This was not a particularly complicated case, the State readily conceded error, and agreed to initiate action aimed at bringing itself within federal mandates as soon as possible.  The decree is neither complex, nor does it create a new and unfamiliar system whose effective implementation requires outside monitoring.  Here, too, satisfactory implementation of the decree's provisions is largely a matter of routine activity, requiring not much more on the State's part than awareness of federal requirements and the provision of adequate staffing to do the job, steps which the State has promptly undertaken.  Indeed, the State has already made exceptional progress in reducing eligibility decision time, and it has every incentive to achieve full compliance with the requirements of the decree as soon as possible.  Adding the imposition of additional substantial fee obligations, and likely litigation over the reasonable extent of self-directed monitoring activity, would not result in either swifter or more effective compliance.

    Obviously, class counsel are entitled under the decree to thoroughly review and audit class-member files on a multi-lawyer, full-time basis, if that is their considered priority.  They are not, however, entitled to do so at State expense given the court's conclusion that such monitoring is not necessary to achieve more speedy or reliable relief.  In this case — again,

stretching the point — compensation for four hours at Attorney
Messer's rate of $300.00 per hour for reviewing the quarterly
reports and spot-checking class-member files at the State's
expense ought to be quite enough to substantially validate or
invalidate the State's reported progress.  However, having
rethought the matter, some modest adjustments are in order.

The limited monitoring previously authorized bears some
clarification and amendment in the following regards.  The review
and spot-checking authorized is unlikely to be done by Attorney
Messer, and the award should, therefore, be expressed in more
universal terms.  Additionally, the allowed monitoring can, in
the main, be handled competently by a qualified paralegal
charging a much lower hourly rate.  But, recognizing that such
work should also be reviewed by legal counsel, and that a few
extra paralegal hours will go a long way in allowing adequate
spot-checking, a modest increase in authorized monitoring
compensation is appropriate.  Finally, because the decree
contemplates the possibility of full compliance at some point
perhaps two or more years into the future, the limited monitoring
should be allowed on an annual basis, rather than on a fixed
basis, until the State achieves the 12 months of continuous
compliance called for by the decree, and the matter is finally
closed.

As the court of appeals has also noted, "by tradition and almost by necessity, district judges have great discretion in deciding what claimed legal services should be compensated and there are times when an advance ruling by the trial court provides helpful guidance.  So here, in regard to the gratuitous nature of future monitoring."  <u>Brewster v. Dukakis</u>, 3 F.3d 488, 492 (1st Cir. 1993) (citations omitted).  So, too, in this case, an advance ruling in regard to the gratuitous nature of self-directed future monitoring activity beyond that which the court finds reasonably necessary will prove useful and avoids exposing either side to undue risk of loss or future costly fee disputes.  To the extent class counsel have engaged in self-directed monitoring since the decree was entered on the expectation that monitoring would be routinely allowed as requested, they must bear the risk of having exceeded what the court has found to be reasonable under the circumstances of this case.

Accordingly, the award for current and future monitoring fees is restated as follows.  Class counsel will be allowed up to $2,000.00 annually in monitoring fees until the case is closed pursuant to the decree's terms.  Should an enforcement action become reasonably necessary, work reasonably associated with developing that action, if successful, will be considered for a reasonable fee award at that time.

7

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

July 29, 2009

cc:   Christine D. Lavallee, Esq.
      Catharine A. Mallinson, Esq.
      Amy B. Messer, Esq.
      Bennett B. Mortell, Esq.
      Glenn A. Perlow, Esq.
      Nancy J. Smith, Esq.